# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ELLEN L. SPARKS,**

      **Plaintiff,**

      **vs.**                                                                 **Civil Action No. 2:99 CV 109**
                                                                                                   **(Maxwell)**

**JO ANNE B. BARNHART,**
**COMMISSIONER OF**
**SOCIAL SECURITY,**

      **Defendant.**

## ORDER

It will be recalled that the above-styled social security appeal was instituted with the August 19, 1999, filing of the Plaintiff's Complaint. The Answer Of The Federal Defendant was filed with the Court on November 4, 1999.

By Order entered November 10, 1999, the Court established a January 10, 2000, deadline for filing cross-motions for summary judgment.

In compliance with the Court's November 10, 1999, Order, the Defendant's Motion For Summary Judgment and Memorandum In Support thereof were filed with the Court on January 10, 2000, and the Plaintiff's Motion For Summary Judgment and Brief In Support thereof were filed with the Court on January 13, 2000.

By Order entered January 14, 2000, the Court referred the cross-motions for summary judgment to United States Magistrate Judge John S. Kaull, pursuant to 28

U.S.C. § 636(b)(1)(A) and (B); Rule 72(b) of the Federal Rules of Civil Procedure; and Rule 4.01(d) of the Local Rules of Civil Procedure, with directions to submit to the Court proposed findings of fact and a recommendation for disposition.

On November 17, 2000, Magistrate Judge Kaull filed his Proposed Findings Of Fact And Recommendation For Disposition wherein the parties were directed, in accordance with 28 U.S.C. § 636(b)(1) to file with the Clerk of Court any written objections within ten (10) days after being served with a copy of said Proposed Findings Of Fact And Recommendation For Disposition.

The Plaintiff's Objections To Proposed Findings Of Fact And Recommendation For Disposition was filed with the Court on December 12, 2000.

Thereafter, on February 4, 2002, and April 4, 2002, the Plaintiff filed Motions To Supplement Her Brief with Submission Of Additional And Material Evidence. The Defendant's Response To Plaintiff's Submission Of Additional Evidence was filed with the Court on April 22, 2002.

By Order entered August 19, 2002, the Court granted the Plaintiff's Motion To Supplement Her Brief With Submission Of Additional And Material Evidence and the Plaintiff's Submission Of Additional And Material Evidence and remanded the above-styled action to the Commissioner of Social Security pursuant to the sixth sentence of 42 U.S.C. § 405(g). The Court's August 19, 2002, Order expressly provided that the Court would retain jurisdiction over this matter pursuant to <u>Sullivan v. Hudson</u>, 490 U.S.

877 (1989), and directed the Commissioner to file with the Court the record upon which her action was based after further administrative action.

On July 9, 2004, the Court received, via facsimile, a communication of same date from Sharon A. Hayes, counsel for the Plaintiff in the above-styled action.  In her communication, Ms. Hayes provided the Court with a copy of a June 19, 2004, Notice wherein the Social Security Administration Appeals Council advised her that they had concluded that there was no basis under the regulations for the Appeals Council to assume jurisdiction of the above-styled action.  Based on the Appeals Council's refusal of jurisdiction in this action, Ms. Hayes inquired of the Court as to what steps were necessary to assure that her client had the opportunity to further argue her case to this Court upon development of the certified administrative record.

By Order entered July 14, 2004, the Court directed the Clerk of Court to file Ms. Hayes' July 9, 2004, communication to the Court and the attachment thereto as a Motion To Reinstate; granted the Plaintiff's Motion To Reinstate; directed the Clerk of Court to re-open the above-styled civil action and to reinstate it to the active docket of the Court; Ordered the Defendant to file the certified copy of the transcript of the administrative record within twenty (20) days of the date of entry of said Order; and provided counsel for the Plaintiff with twenty (20) days from the filing of the certified copy of the transcript of the administrative record to advise the Court, in writing, of the Plaintiff's intentions to further the prosecution of the above-styled civil action.

In compliance with the Court's July 14, 2004, Order, the certified copy of the transcript of the administrative record was filed with the Court on July 21, 2004, and the Plaintiff's Notice Of Intent To Further Prosecution was filed with the Court on August 9, 2004.

A review of the certified copy of the transcript of the administrative record filed with the Court on July 21, 2004, reveals that on October 3, 2002, the Appeals Council issued an Order vacating the final decision of the Commissioner and remanding the Plaintiff's case to an Administrative Law Judge for further proceedings consistent with this Court's Order. Thereafter, a hearing before Administrative Law Judge Steven D. Slahta was held on February 20, 2003, in Morgantown, West Virginia. The Claimant, who was represented by her attorney at the hearing, appeared and testified, as did James E. Ganoe, a vocational expert.

Thereafter, in a written decision entered on May 13, 2003, Administrative Law Judge Slahta found that, based on the application filed on September 6, 1995, the Plaintiff was not entitled to a period of disability and Disability Insurance Benefits, under Sections 216(i) and 223, respectively, of the Social Security Act, and that, based on the application filed on August 28, 1995, the Plaintiff was not eligible for Supplemental Security Income payments under Sections 1602 and 1614(a)(3)(A) of the Social Security Act.

The Plaintiff was provided with a copy of Administrative Law Judge Slahta's

written decision by a May 18, 2003, Notice Of Decision - Unfavorable, in which she was advised of her right to appeal said decision to the Appeals Council by filing her written exceptions within thirty (30) days from the date she received said Notice.

The Plaintiff's exceptions and objections to Administrative Law Judge Slahta's written decision were submitted to the Appeals Council on June 19, 2003, and, by letter dated June 19, 2004, the Appeals Council advised the Plaintiff that her exceptions and objections, as well as the additional evidence[1] with which she had presented them, had been considered by the Appeals Council but that it had been determined that there was

---

[1] In her June 19, 2003, exceptions and objections to the Administrative Law Judge's decision, the Plaintiff asked the Appeals Council to consider the following additional evidence:

- A     A May 21, 2003 letter from counsel to the Administrative Law Judge with
  - i.     proposed Requests for Admission to be directed to the consulting neurologist; and
  - ii.     a March 17, 2003 letter from Dr. Jack Riggs to Erika Pallie, M.D.
- B.     A June 4, 2003 MRI examination report
- C.     A letter dated June 16, 2003 from Jack E. Riggs, M.D. to the undersigned counsel responding to my March 17, 2003 letter to him.
- D.     A letter dated March 17, 2003 from the undersigned counsel to Jack Riggs, M.D. with attached regulation listing 1.04.
- E.     Affidavit of Claimant Ellen L. Sparks dated June 19, 2003     In her June 19, 2003, exceptions and objections to the Administrative Law Judge's decision, the Plaintiff asked the Appeals Council to consider the following additional evidence:

no basis under the regulations for the Appeals Council to assume jurisdiction and that there was no basis for changing the Administrative Law Judge's decision, and that, accordingly, the Administrative Law Judge's decision is the final decision of the Commissioner after remand by the Court.

It will be remembered that, by Order entered November 12, 2004, this Court established a January 10, 2005, deadline for counsel for either party to file any new motions for summary judgment or any supplements to the pending motions for summary judgment that they might desire to file.

In compliance with the Court's November 12, 2004, Order, the Defendant's Brief In Support Of Her Motion For Summary Judgment was filed with the Court on January 25, 2005 (*See* Docket No. 26), and the Additional And Supplemental Memorandum In Support Of Plaintiff's Motion For Summary Judgment was also filed with the Court on January 25, 2005 (*See* Docket No. 27).

Thereafter, by Order entered September 28, 2005 (Docket No. 32), the Court referred the following motions and memoranda in support thereof, and any future motions, to United States Magistrate Judge John S. Kaull, pursuant to 28 U.S.C. § 636(b)(1)(B); Rule 72 of the Federal Rules of Civil Procedure; and Rule 7.02(c) of the Local Rules of Civil Procedure, with directions to consider the same and to submit to the Court proposed findings of fact and a recommendation for disposition:

    1.    Defendant's Motion For Summary Judgment and Memorandum In Support thereof (Docket Nos. 7 and 8);

2. Defendant's [Supplemental] Motion For Summary Judgment and Brief In Support thereof (Docket Nos. 25 and 26);

3. Plaintiff's Motion For Summary Judgment and Brief In Support thereof (Docket No. 9);

4. Plaintiff's Reply To Defendant's Memorandum In Support Of His Motion For Summary Judgment (Docket No. 11);

5. Additional And Supplemental Memorandum In Support Of Plaintiff's Motion For Summary Judgment (Docket No. 27);

6. Defendant's Reply To Plaintiff's Motion For Summary Judgment (Docket No. 30);

7. Response Memorandum In Support Of Plaintiff's Motion For Summary Judgment (Docket No. 31)

On March 6, 2006, Magistrate Judge Kaull entered a Report And Recommendation/Opinion (Docket No. 33) wherein the parties were directed, in accordance with 28 U.S.C. §636(b)(1) and Rule 6(e) of the Federal Rules of Civil Procedure, to file any written objections thereto with the Clerk of Court within ten (10) days after being served with a copy of said Report And Recommendation/Opinion. Magistrate Judge Kaull's Report And Recommendation/Opinion expressly provided that a failure to timely file objections would result in waiver of the right to appeal from a judgment of this Court based thereon.

The docket in the above-styled civil action reflects that no objections to Magistrate Judge Kaull's March 6, 2006, Report And Recommendation/Opinion have been filed.

Upon consideration of said Report and Recommendation/Opinion, and having

7

received no written objections thereto[2], the Court accepts and approves the Report And Recommendation/Opinion. Therefore, it is

**ORDERED** that Magistrate Judge Kaull's Report And Recommendation/Opinion (Docket No. 33) be, and is hereby, **ACCEPTED** in whole and that this civil action be disposed of in accordance with the recommendation of the Magistrate Judge. Accordingly,

1. The Defendant's Motion For Summary Judgment (Docket Nos. 7 and 25) is **GRANTED**;

2. The Plaintiff's Motion For Summary Judgment (Docket Nos. 9 and 27) is **DENIED**; and

3. The above-styled civil action is **DISMISSED** and **RETIRED** from the docket of this Court.

Pursuant to Rule 58 of the Federal Rules of Civil Procedure, the Clerk of Court is directed to enter a separate Judgment Order affirming the decision of the Defendant.

The Clerk of Court is directed to transmit copies of this Order and the Judgment Order to counsel of record.

**ENTER:** June   5  , 2006

                                          **/S/ Robert E. Maxwell**
                                          United States District Judge

---

[2]The failure of the parties to object to the Report And Recommendation not only waives their appellate rights in this matter, but also relieves the Court of any obligation to conduct a *de novo* review of the issues presented. See Wells v. Shriners Hospital, 109 F.3d 198, 199-200 (4th Cir. 1997); Thomas v. Arn, 474 U.S. 140, 148-153 (1985).